TROGAN BUILDING AND LOAN ASSOCIATION, complainant,

*v.*

PHILMAR CONSTRUCTION COMPANY et al., defendants.

[Decided February 10th, 1928.]

*Messrs. Nelson & Offen,* for the motion.

*Mr. Joseph Zemel,* opposed.

BACKES, V. C.

The complainant is foreclosing a first and a second mortgage. The first mortgage of $5,000 is not disputed. The second mortgage of $2,500 was given November 8th, 1923, and duly recorded. At that time there was of record a prior mortgage of $1,000 held by the defendant Melfi, who, on November 25th, 1923, executed to the complainant an instrument postponing the lien of his mortgage to that of complainant's second mortgage, and thereupon the complainant advanced the money thereon. These facts are established and not denied on this motion to strike out as sham and frivolous so much of the defendant Melfi's answer which denies that he postponed the lien of his mortgage to the mortgage of the complainant, and an allegation that the complainant's mortgage is not the mortgage to which the defendant postponed his mortgage, and so much as sets up that the postponement was executed without consideration, and that the complainant did not rely thereon in making the loans. Melfi admits the execution of the postponement. It describes the mortgages involved with certainty and recites that the complainant re-

fuses to make the loan without the postponement. He does not claim that it was improperly procured, nor does he deny that he knew its contents and understood, but his counsel's notion seems to be that as the complainant's mortgage was already executed and of record at the time his client· executed the postponement that the complainant was bound to make the loan, and that, therefore, there was no consideration for the postponement. The fallacy of this is too obvious for serious consideration. The complainant's mortgage came into validity not by the recording but by the payment of the consideration, and its obligation to advance the money was conditioned upon procuring the postponement of the defendant's mortgage. Melfi's claim that he did not receive the recited one dollar consideration for signing the postponement, and that he did not know of an understanding between the complainant and the mortgagor that the loan was dependent upon the execution of the postponement is sheer trifle.

The postponement of his mortgage was the inducement to the complainant to make the loan and parting with the money, relying on it, constituted the consideration.

The motion will prevail.